UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RONALD A. POLK, JO ELLEN
YOUNG, JEROME POLK

      Plaintiffs,

v.                                                                                       Case No. 1:05-CV-290

HURON COUNTY and                                                       HON. GORDON J. QUIST
RUSSELL LUNDBERG,

      Defendants.
_____/

## ORDER

The Court has before it Plaintiffs' Emergency Motions For Stay Regarding Seizure of Assets, pursuant to which Plaintiffs request that the Court issue an order staying a state court order regarding the cleanup of certain real property that Plaintiffs own and the seizure of assets from the property, located in Bad Axe, Huron County, Michigan. The Court construes Plaintiffs' motions as a motion for temporary retraining order pursuant to Fed. R. Civ. P. 65(b).

Before a court may issue a temporary restraining order without oral or written notice to the opposing party or the opposing party's attorney, "the applicant's attorney [must] certif[y] to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b)(2). The Sixth Circuit has held that it is error for a district court to issue a temporary restraining order without such a certification. See Gen. Motors Corp. v. Buha, 623 F.2d 445, 457-58 (6th Cir. 1980).

In this case, Plaintiffs have not certified what efforts Plaintiffs have made to contact Defendants or their counsel, nor have Plaintiffs attempted to show that notice is impossible because Defendants are unknown or cannot be located. In addition, Plaintiffs have not filed a proof of service showing that they served their motions on Defendants. Plaintiffs have thus failed to satisfy the requirements of Rule 65(b)(2). See U-Haul Int'l, Inc. v. Kresch, No. 94-74341, 1994 WL 854091, at *2 (E.D. Mich. Oct. 28, 1994).

Moreover, based upon its review of Plaintiffs' complaint, the Court determines that venue in this district is improper. Pursuant to 28 U.S.C. § 1391(b), which applies to cases such as this involving federal claims, venue is proper

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In this case, venue is proper in the Eastern District of Michigan under subsections (1) and (2) because both Defendants reside in the Eastern District, all events giving rise to Plaintiffs' claim(s) occurred there, and the real property in question is situated there. In contrast, no part of the events giving rise to the claim(s) occurred in this district. Therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Emergency Motions For Stay Of Seizure Of Assets (docket nos. 2, 4, and 8) are **DENIED**.

**IT IS FURTHER ORDERED** that this case is transferred to the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a) for improper venue.

Date: April 20, 2005            /s/ Gordon J. Quist
                                GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE